| | |
|---|---|
| **MARSHALL E. PIKE**, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>**DEMPSTER INDUSTRIES INC.** §<br>f/k/a DEMPSTER MILL MFG. CO., §<br>individually and as successor-in-interest to §<br>DEMPSTER MILL MANUFACTURING §<br>COMPANY; §<br>§<br>**DEMPSTER INDUSTRIES, LLC** §<br>individually and as successor-in-interest to §<br>DEMPSTER INDUSTRIES INC. f/k/a §<br>DEMPSTER MILL MFG. CO., successor-in- §<br>interest to DEMPSTER MILL §<br>MANUFACTURING COMPANY; §<br>§<br>**DEMPSTERS LLC**; §<br>§<br>**DEMPSTERS MANUFACTURING LLC** §<br>Individually and as successor-in-interest to §<br>DEMPSTERS LLC; §<br>§<br>**ACE PUMP CORPORATION**; §<br>§<br>**ADVANCED SYSTEMS TECHNOLOGY,** §<br>**INC.** §<br>individually and as successor-by-merger to §<br>JOHN BLUE COMPANY, INCORPORATED; §<br>§<br>**CRANE CO.**; §<br>§<br>**DEFCO, INC** §<br>f/k/a DECATUR FOUNDRY & MACHINE §<br>CO.; §<br>§<br>**THE GORMAN-RUPP COMPANY**; §<br>§<br>**GOULDS PUMPS, INCORPORATED** §<br>§<br>**IMO INDUSTRIES, INC.**; §<br> | **CIVIL ACTION COMPLAINT**<br><br>**ASBESTOS – MESOTHELIOMA**<br><br>**JURY TRIAL DEMANDED** |

| METROPOLITAN LIFE INSURANCE | § |
| COMPANY; | § |
| a wholly owned subsidiary of METLIFE INC.; | § |
| | § |
| PENTAIR, INC.; | § |
| | § |
| VIKING PUMP, INC.; | § |
| | § |
| Defendants. | § |
| | § |

## CIVIL ACTION COMPLAINT

Plaintiff, **MARSHALL E. PIKE,** sues the above-named Defendants for compensatory and punitive damages, by and through his attorneys, Wallace and Graham, PA and Dean Omar Branham Shirley, LLP, and hereby bring this Civil Action Complaint, and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 USC §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from Defendants' conduct in:

    (a) Transacting business in this State, including the sale, supply, purchase, and/or use of asbestos and/or asbestos-containing products, within this State;

    (b) Contracting to supply services or things in the State;

    (c) Commission of a tortious act in whole or in part in this State;

    (d) Having an interest in, using, or possessing real property in this State; and/or

    (e) Entering into a contract to be performed in whole or in part by either party in this State.

3.     All of the named Defendants are foreign corporations whose substantial and/or systematic business in North Carolina caused injury to Plaintiff in this State, which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute and the United States Constitution.

4.     Pursuant to 28 USC §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

## GENERAL ALLEGATIONS

5.     Plaintiff Marshall E. Pike has been diagnosed with mesothelioma.

6.     Each Defendant, or its predecessors in interest, that manufactured, sold, and/or distributed asbestos-containing products or raw asbestos materials for use in North Carolina and other states at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product Defendants are legally responsible, were engaged in the manufacture, sale, and distribution of asbestos-containing products and raw materials.

7.     Plaintiff Marshall E. Pike's claims against the Product Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in North Carolina, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within North Carolina.

8.     Plaintiff Marshall E. Pike's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff's mesothelioma and other related injuries and therefore under North Carolina law is the legal cause of Plaintiff's injuries and damages.

Case 1:21-cv-00921-LCB-JLW   Document 1   Filed 11/30/21   Page 3 of 23

9.     Plaintiff Marshall E. Pike was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

10.     Plaintiff Marshall E. Pike worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to asbestos-containing products and other asbestos-containing materials manufactured and/or sold by Defendants identified above.

11.     Each of the named Defendants is liable for damages stemming from its own tortious conduct or the tortious conduct of an "alternate entity" as hereinafter defined.  Defendants are liable for the acts of their "alternate entity" and each of them, in that there has been a corporate name change, Defendant is the successor by merger, by successor in interest, or by other acquisition resulting in a virtual destruction of Plaintiff Marshall E. Pike's remedy against each such "alternate entity"; Defendants, each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entities" have acquired the assets, product line, or a portion thereof of each such Defendant; Defendants, and each of them, caused the destruction of Plaintiff's remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached to each "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| DEMPSTER INDUSTRIES INC. | DEMPSTER MILL MFG. CO.; DEMPSTER MILL MANUFACTURING COMPANY |
| DEMPSTER INDUSTRIES, LLC | DEMPSTER INDUSTRIES INC; DEMPSTER MILL MFG. CO.; DEMPSTER MILL MANUFACTURING COMPANY |
| DEMPSTERS MANUFACTURING LLC | DEMPSTERS LLC |

4

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ADVANCED SYSTEMS TECHNOLOGY, INC. | JOHN BLUE COMPANY, INCORPORATED |
| DEFCO, INC. | DECATUR FOUNDRY & MACHINE CO. |
| METROPOLITAN LIFE INSURANCE COMPANY | METLIFE INC. |

12.    Plaintiff Marshall E. Pike has been informed and believe, and thereon allege, that at all times herein mentioned, Defendants or their "alternate entities" were or are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of North Carolina, or the laws of some other state or foreign jurisdiction, and that said Defendants were and/or are authorized to do business in the State of North Carolina, and that said Defendants have regularly conducted business in the State of North Carolina.

13.    Plaintiff Marshall E. Pike has been informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

14.    As a direct and proximate result of the conduct as alleged within, Plaintiff Marshall E. Pike suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

15.    As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Marshall E. Pike incurred liability for physicians, surgeons, nurses, hospital care, medicine,

hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time. Plaintiff requests leave to supplement this Court and all parties accordingly when the true and exact cost of Plaintiff's medical treatment is ascertained.

16.     As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiff Marshall E. Pike has incurred, and will incur, loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff. Plaintiff prays leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

## PARTIES

17.     Plaintiff, Marshall E. Pike, is a citizen of the State of North Carolina where Plaintiff was exposed to asbestos during the course of his career in the State of North Carolina.

18.     At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos, other products containing asbestos and products manufactured for foreseeable use with asbestos products.

19.     Defendant, **DEMPSTER INDUSTRIES INC.**, f/k/a DEMPSTER MILL MFG. CO., individually and as successor-in-interest to DEMPSTER MILL MANUFACTURING COMPANY, was and is a corporation incorporated under the laws of the State of Nebraska with

its principal place of business in Nebraska. At all times material hereto, DEMPSTER INDUSTRIES INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Dempster fertilizer metering, pressure, and associated pumps. DEMPSTER INDUSTRIES INC. is sued as a Product Defendant. Plaintiff's claims against DEMPSTER INDUSTRIES INC. arise out of this Defendant's business activities in the State of North Carolina.

20.    Defendant, **DEMPSTER INDUSTRIES, LLC,** individually and as successor-in-interest to DEMPSTER INDUSTRIES INC. f/k/a DEMPSTER MILL MFG. CO., successor-in-interest to DEMPSTER MILL MANUFACTURING COMPANY, was and is a limited liability company incorporated under the laws of the State of Ohio with its principal place of business in Nebraska. After due diligence, Plaintiff is unable to ascertain the citizenship of the members of DEMPSTER INDUSTRIES, LLC. At all times material hereto, DEMPSTER INDUSTRIES, LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Dempster fertilizer metering, pressure, and associated pumps. DEMPSTER INDUSTRIES, LLC is sued as a Product Defendant. Plaintiff's claims against DEMPSTER INDUSTRIES, LLC arise out of this Defendant's business activities in the State of North Carolina.

21.    Defendant, **DEMPSTERS LLC**, was and is a limited liability company incorporated under the laws of the State of Wyoming with its principal place of business in Wyoming. After due diligence, Plaintiff is unable to ascertain the citizenship of the members of DEMPSTERS LLC. At all times material hereto, DEMPSTERS LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or

7

retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Dempster fertilizer metering, pressure, and associated pumps. DEMPSTERS LLC is sued as a Product Defendant. Plaintiff's claims against DEMPSTERS LLC arise out of this Defendant's business activities in the State of North Carolina.

22.     Defendant, **DEMPSTERS MANUFACTURING LLC,** individually and as successor-in-interest to DEMPSTERS LLC, was and is a limited liability company incorporated under the laws of the State of Wyoming with its principal place of business in Wyoming. After due diligence, Plaintiff is unable to ascertain the citizenship of the members of DEMPSTERS MANUFACTURING LLC. At all times material hereto, DEMPSTERS MANUFACTURING LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Dempster fertilizer metering, pressure, and associated pumps. DEMPSTERS MANUFACTURING LLC is sued as a Product Defendant. Plaintiff's claims against DEMPSTERS MANUFACTURING LLC arise out of this Defendant's business activities in the State of North Carolina.

23.     Defendant, **ACE PUMP CORPORATION**, was and is a corporation incorporated under the laws of the State of Tennessee with its principal place of business in Tennessee. At all times material hereto, ACE PUMP CORPORATION mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing pumps. ACE PUMP

8

CORPORATION is sued as a Product Defendant. Plaintiff's claims against ACE PUMP CORPORATION arise out of this Defendant's business activities in the State of North Carolina.

24. Defendant, **ADVANCED SYSTEMS TECHNOLOGY, INC.**, individually and as successor-by-merger to JOHN BLUE COMPANY, INCORPORATED, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Delaware. At all times material hereto, ADVANCED SYSTEMS TECHNOLOGY, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing John Blue pumps. ADVANCED SYSTEMS TECHNOLOGY, INC. is sued as a Product Defendant. Plaintiff's claims against ADVANCED SYSTEMS TECHNOLOGY, INC. arise out of this Defendant's business activities in the State of North Carolina.

25. Defendant, **CRANE CO.**, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. At all times material hereto, CRANE CO. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Crane valves, Crane Pumps, Cranite packing, Cranite gaskets, and Crown pumps and associated packing and gaskets. CRANE CO. is sued as a Product Defendant. Plaintiff's claims against CRANE CO. arise out of this Defendant's business activities in the State of North Carolina.

26. Defendant, **DEFCO, INC.**, f/k/a DECATUR FOUNDRY & MACHINE CO., was and is a corporation incorporated under the laws of the State of Alabama with its principal place of business in Alabama. At all times material hereto, DEFCO, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed

9

substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing pumps. DEFCO, INC. is sued as a Product Defendant. Plaintiff's claims against DEFCO, INC. arise out of this Defendant's business activities in the State of North Carolina.

27.     Defendant, **THE GORMAN-RUPP COMPANY**, was and is an Ohio corporation with its principal place of business in Ohio. At all times material hereto, THE GORMAN-RUPP COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Gorman-Rupp pumps. THE GORMAN-RUPP COMPANY is sued as a Product Defendant. Plaintiff's claim against THE GORMAN-RUPP COMPANY arise out of this Defendant's business activities in the State of North Carolina.

28.     Defendant, **GOULDS PUMPS, INCORPORATED**, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, GOULDS PUMPS, INCORPORATED mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps. GOULDS PUMPS, INCORPORATED is sued as a Product Defendant. Plaintiff's claims against GOULDS PUMPS, INCORPORATED arise out of this Defendant's business activities in the State of North Carolina.

29.     Defendant, **IMO INDUSTRIES, INC.**, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, IMO INDUSTRIES, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts

10

of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing DeLaval pumps. IMO INDUSTRIES, INC. is sued as a Product Defendant. Plaintiff's claims against IMO INDUSTRIES, INC. arise out of this Defendant's business activities in the State of North Carolina.

30.     Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, was and is a corporation incorporated under the laws of the State of New York with its principal place of business in New York.  METROPOLITAN LIFE INSURANCE COMPANY has done and does business in the State of North Carolina. METROPOLITAN LIFE INSURANCE COMPANY is named as a conspiracy defendant.

31.     Defendant, **PENTAIR, INC.**, was and is a corporation incorporated under the laws of the State of Minnesota with its principal place of business in Minnesota. At all times material hereto, PENTAIR, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Hypro pumps. PENTAIR, INC. is sued as a Product Defendant. Plaintiff's claim against PENTAIR, INC. arise out of this Defendant's business activities in the State of North Carolina.

32.     Defendant, **VIKING PUMP, INC.**, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Iowa. At all times material hereto, VIKING PUMP, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Viking pumps. VIKING PUMP, INC. is sued as a Product Defendant. Plaintiff's claims against VIKING PUMP, INC. arise out of this Defendant's business activities in the State of North Carolina.

## BACKGROUND FACTS

33.     Plaintiff brings this action for monetary damages as a result of Plaintiff Marshall E. Pike contracting an asbestos-related disease.

34.     Plaintiff Marshall E. Pike was diagnosed with mesothelioma on or about September 30, 2021.

35.     Plaintiff's mesothelioma was caused by his exposure to asbestos during the course of his employment and work with and around asbestos-containing materials and equipment.

36.     During his work history, Plaintiff was exposed to asbestos through his work as a parts manager, purchasing agent, and hands on repair technician on fertilizer metering, pressure, and associated pumps while employed by General Metals, Inc. in Greensboro, North Carolina ("General Metals") from approximately 1966 to 1967 and 1968 to 1985. Additionally, Plaintiff worked for General Fertilizer Equipment, known as Speedy Spread, from 1985-2021.  Plaintiff worked performing a variety of tasks including but not limited to, building, repairing and maintaining asbestos-containing farm equipment by installing, removing and replacing asbestos containing parts on the fertilizer metering, pressure, and associated pumps.  He further managed the ordering of pumps and replacement/maintenance parts, and managed the sales of the same parts and pumps.   All of these activities exposed Plaintiff to asbestos and asbestos-dust which he was unaware were dangerous at the time.

37.     Further, Plaintiff worked with, or in close proximity to, others building, repairing and maintaining equipment, who worked with asbestos-containing materials including but not limited to, asbestos-containing equipment, gaskets and packing materials manufactured, sold, supplied and/or distributed by Defendants identified above.   All of these activities exposed Plaintiff to asbestos and asbestos-dust.

38.     Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

## FIRST CAUSE OF ACTION
### DEFECTIVE DESIGN

39.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

40.     This cause of action is brought against the Product Defendants.

41.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment, or are otherwise jointly and severally liable due to their involvement in the underlying facts.

42.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment, to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment, came into use by Plaintiff Marshall E. Pike or by coworkers who were working with asbestos-containing materials in close proximity to Plaintiff.

43.     Plaintiff worked with and/or was exposed to the asbestos and asbestos-containing materials, products or equipment, mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most or all of the exposure being within the State of North Carolina.

44.     Plaintiff was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

45.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture, and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

46.     Defendants knew, or should have known, that persons working around asbestos-containing products in their employment, would be exposed to asbestos in quantities that could cause mesothelioma.

47.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

48.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment, were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

49.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment, into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

50.     The relevant Defendants who were involved in manufacturing, designing and producing the asbestos-containing products herein had a duty to use reasonable care throughout the manufacturing process, including making sure the product is free of any potentially dangerous defect in manufacturing or design.

51.     While non-asbestos alternative designs and formulations of the relevant products and equipment were available prior to when some or all of the Plaintiff's injurious exposure occurred, the relevant Defendants negligently failed to adopt a non-asbestos design and formulation during the pertinent times.

52.     Under N.C. Gen. Stat. § 99B-6, the relevant Defendants are liable for inadequate design or formulation in that they qualify as manufacturers within the scope of the statute and they acted unreasonably in designing or formulating the product when there was a safer, practical, feasible, and otherwise reasonable alternative design or formulation.

53.     During some or all of the pertinent times, asbestos-free product designs and formulations could have accomplished the same functions as the asbestos products.

54.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment placed by Defendants in the stream of commerce.

55.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment, and the resulting injuries and damages to Plaintiff were reasonably foreseeable or should have been reasonably foreseen by Defendants.

56.     Defendants acted unreasonably by continuing to use a known cancer-causing product, to-wit: asbestos.

57.     At the time the products left Defendants' control, the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

58.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff Marshall E. Pike developed mesothelioma.  As a consequence of this mesothelioma, and through no fault of his own, he was severely injured, disabled and damaged.

59.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
### FAILURE TO WARN

60.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

61.     This cause of action is brought against the Product Defendants.

62.     Under N.C. Gen. Stat. § 99B-5, the relevant Defendants are liable for negligent failure to warn and inadequate warning or instruction, in that they were each a manufacturer or seller of a product who acted unreasonably in failing to provide such warning or instruction.  The failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought.  At the time the relevant asbestos-containing products left the control of the relevant Defendant manufacturers or sellers, the products without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or

in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.

63.     In the alternative, after the relevant asbestos-containing products left the control of the relevant Defendant manufacturer or sellers, the manufacturers or sellers became aware of or in the exercise of ordinary care should have known that the products posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

64.     The relevant Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment, to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to reduce exposures;

(g)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for

17

monitoring and periodic evaluations up to and including the filing of this complaint.

**THIRD CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**

65.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

66.     This cause of action is brought against the Product Defendants.

67.     The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

68.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment, were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

69.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: Mesothelioma.

70.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

**FOURTH CAUSE OF ACTION**
**GROSS NEGLIGENCE; WILLFUL, WANTON, AND RECKLESS CONDUCT**

71.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

72.     This cause of action is brought against the Product Defendants.

73.     Plaintiff Marshall E. Pike and others in his position worked in close proximity to the asbestos and asbestos-related materials used, sold or manufactured by the Defendants, and the

exposure and hazard to each of them, in Plaintiff's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

74.     The Defendants have known or should have known for decades of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiff has been severely damaged as is set forth below.

75.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure for many decades, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure.   Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

19

76.     The acts of the Defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment, upon the body of human beings, including Plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

77.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

78.     The Defendants' above-described recurring conduct, acts, omissions, negligence, and impropriety included aggravating factors giving rise to a claim of punitive damages under Chapter 1D of the North Carolina General Statutes.

79.     Pursuant to N.C. Gen. Stat. § 1D-15(a), each Defendant is properly liable for punitive damages in this action in that Defendant is liable for compensatory damages and has committed one or more aggravating acts or omissions justifying an award of punitive damages, including without limitation, recurring acts of egregious and reckless behavior, and specific instances of willful and wanton conduct.

80.     The recurring conduct, acts, omissions, negligence, and impropriety of the Defendants were willful, wanton, malicious, and in reckless disregard for the rights and interests of the Plaintiff and justify an award of punitive damages. Accordingly, Plaintiff demands judgment against Defendant for punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### CONSPIRACY
### (Against Defendant METROPOLITAN LIFE INSURANCE COMPANY)

81.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products and/or equipment to which Plaintiff Marshall E. Pike was exposed, and such assistance by METROPOLITAN LIFE INSURANCE COMPANY aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products and/or equipment by such manufacturers which proximately caused Plaintiff Marshall E. Pike's illness, injuries, and disabilities.

82.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE INSURANCE COMPANY failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE INSURANCE COMPANY also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

83.     Plaintiff Marshall E. Pike unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE INSURANCE COMPANY's tests and information dissemination, the results of which METROPOLITAN LIFE INSURANCE COMPANY published in leading medical journals.

84.     As a direct and proximate contributing result of METROPOLITAN LIFE INSURANCE COMPANY's failures to conduct or accurately publish adequate tests or

disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Marshall E. Pike from asbestos exposure was increased, and (ii) Marshall E. Pike suffered the injuries previously described.

85.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE INSURANCE COMPANY acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff Marshall E. Pike. Plaintiff seeks compensatory and punitive damages against METROPOLITAN LIFE INSURANCE COMPANY as a result.

## DAMAGES

86.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

87.     As a result of his exposure to asbestos attributable to Defendants, Plaintiff Marshall E. Pike has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

88.     Plaintiff has suffered great pain, extreme nervousness, and mental anguish as a direct result of his mesothelioma.

89.     Due to the nature of mesothelioma as a fatal cancer, Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

90.     As a result of his mesothelioma, Plaintiff Marshall E. Pike has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiff verily believes they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

A.     Award the Plaintiff compensatory damages, in an amount to be determined at trial;

B.     Award the Plaintiff punitive damages;

C.     Award the Plaintiff pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law; and

D.     Award the Plaintiff such other and further relief as is just and proper.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

Respectfully submitted,

*/s/ William M. Graham*

William M. Graham (NC Bar #17972)
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
704-633-5244
704-633-9434 (fax)
E-Mail: bgraham@wallacegraham.com

**ATTORNEYS FOR PLAINTIFF**

23